HAY, Respondent, vs. RANDLES, Administrator, Appellant.

*February 21—March 11, 1913.*

*Claim against decedent for personal services: Evidence: Sufficiency.*

Findings in plaintiff's favor upon a claim for compensation for
personal services rendered by her as housekeeper to her uncle,
since deceased, are *held* not to be against a clear preponderance
of the evidence.

APPEAL from a judgment of the circuit court for Colum-
bia county: CHESTER A. FOWLER, Circuit Judge. *Affirmed.*

Plaintiff filed a claim against the estate of James Randles,
deceased, for compensation for personal services claimed to
have been rendered by her for the deceased in his lifetime
under promise of compensation therefor.   She was his niece
and served him for years before he died.   The county court
·allowed the claim at $936.   The administrator appealed to
the circuit court.   The matter was there tried by the court,
resulting in findings that plaintiff served the deceased as his
housekeeper, as she claimed, for over six years; that he ex-
pressly promised to pay her therefor; that he did not do so;
and· that her services were reasonably worth the sum of $711.
Such findings were based on considerable evidence, most of
which was of circumstantial character, which the trial court
concluded established the facts found with reasonable cer-
tainty.   Judgment was entered accordingly.

*Henry A. Gunderson,* for the appellant.

For the respondent there was a brief by *W. C. Leitsch,* at-
torney, and *H. E. Andrews,* of counsel, and oral argument by
*Mr. Andrews.*

MARSHALL, J.   There are no questions of law for consid-
eration on this appeal.   The sole question is as to whether
any finding of fact, vital to the recovery, is contrary to the
clear preponderance of the evidence.   On such a matter, in
general, there is little or no use of doing more than to state

the court's conclusion which is, here, in the negative. No valuable purpose would be served, in this very ordinary case, by discussing the evidence. Therefore, no such discussion will be indulged in.

*By the Court.*—The judgment is affirmed.